# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 13, 2016

Mr. Mark S. Fenzel
Ms. Rebecca Grady Jennings
Middleton Reutlinger
401 S. Fourth Street, Suite 2600
Louisville, KY 40202

Ms. Kimberly Ann Kyle
Kohnen & Patton
201 E. Fifth Street
Suite 800 PNC Center
Cincinnati, OH 45202

Mr. Richard P. Schiller Jr.
Schiller Barnes Maloney
401 W. Main Street, Suite 1600
Louisville, KY 40202

Re:  Case No. 16-5143, *Underwriters Safety & Claims, et al v. Travelers Property Casualty, et al*
      Originating Case No. : 3:15-cv-00183

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely for Roy Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0530n.06

No. 16-5143

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNDERWRITERS SAFETY AND CLAIMS, INC.; FIREMAN'S FUND INSURANCE COMPANY, | ) ) ) | FILED Sep 13, 2016 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) |  |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) ) | COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| Defendants-Appellees. |  |  |

BEFORE:    ROGERS, SUTTON, and COOK, Circuit Judges.

ROGERS, Circuit Judge.  Richard Passfield was running timed quarter-miles with the rest of Bellarmine University's lacrosse team when he collapsed and died of sudden heart failure. His estate sued Bellarmine for wrongful death.  Bellarmine held two insurance policies at the time.  Both Travelers's policy and CIC's policy contain a provision that excludes coverage over sports participants.  Travelers's insurance contract contains a second provision that expands coverage to medical-malpractice injuries.  The district court interpreted both policies to exclude coverage over Passfield's death and granted judgment on the pleadings to Travelers and to CIC. Because Passfield's fatal injury falls squarely within the sports-participants exclusion in both policies, and because Travelers's sports-participants exclusion trumps the medical-malpractice extension, neither policy covers Passfield's death.

No. 16-5143, *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*

Richard Passfield was a sophomore and a lacrosse player at Bellarmine University. On October 31, 2005, at around eight in the morning, Bellarmine's lacrosse team was running timed quarter-miles, with eighty seconds for each quarter-mile and eighty seconds of rest between the intervals. During either the second quarter-mile or the third quarter-mile, Passfield collapsed and died of sudden heart failure. Passfield's estate sued Bellarmine for wrongful death. The estate alleged that Bellarmine caused Passfield's death by failing to provide an adequate pre-participation medical screening to Passfield and by failing to respond adequately when Passfield collapsed. Bellarmine sought coverage and defense from its insurers: Travelers Property Casualty Company of America ("Travelers") and the Cincinnati Insurance Company ("CIC"). But both Travelers and CIC denied coverage. Bellarmine settled with Passfield's estate and then sued Underwriters Safety and Claims, Inc. ("Underwriters"), its insurance agent, for failing to procure a policy that insured Passfield's death. Months later, Bellarmine settled with Underwriters and assigned its rights under the insurance policies to Underwriters and to Underwriter's own insurer, The Fireman's Fund Insurance Company ("FFIC").

Asserting Bellarmine's rights, Underwriters and FFIC sued Travelers and CIC for breach of contract for failing to defend Bellarmine against Passfield's estate. The district court granted judgment on the pleadings to Travelers and to CIC. *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*, 152 F. Supp. 3d 933 (W.D. Ky. Jan. 22, 2016). The district court interpreted both policies' sports-participants exclusions, based on their plain texts, to be "clear and unambiguous" in excluding coverage over Passfield's death. *Id.* at 936 (Travelers's exclusion); *id.* at 938 (CIC's exclusion). The district court also determined that Travelers's XTEND Endorsement did not trump that exclusion. *Id.* at 936–37.

No. 16-5143, *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*

Passfield's death falls squarely within Travelers's Athletic Participants Exclusion and CIC's Sports Participants Exclusion. Travelers's Athletic Participants Exclusion provides: "This insurance does not apply to 'bodily injury' to any person engaged in athletic, exercise, or sports activities . . . ." CIC's Sports Participants Exclusion provides: "This insurance does not apply to: '[b]odily injury' . . . to any person while . . . practicing for or participating in any contest or exhibition of an athletic or sports nature . . . ."[1] When Passfield collapsed and died, he was at Bellarmine's lacrosse practice, convened by Bellarmine's lacrosse coach, running timed quarter-miles with the rest of the lacrosse team. The exclusions plainly apply. Even Underwriters and FFIC agree that the exclusion "initially appears . . . to deny coverage for the claims asserted in the Passfield Action."

While Underwriters and FFIC urge this court to look beyond the exclusions' text to "purpose," and while they argue that the exclusions' purpose narrows the exclusions to injuries that are "inherent" to playing sports, or "normally encountered" in playing sports, their argument fails.[2]

Kentucky law precludes the argument. Under Kentucky law, "[w]here the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Kemper Nat'l Ins. Co. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002). Here, the plain texts of the two exclusions bar coverage over injuries incurred during sports practice. Those plain and unambiguous texts control. Underwriters and FFIC concede that Kentucky courts have not embraced their purpose-based argument.

---

[1] CIC's policy also includes the Colleges or Schools Limitation Endorsement, which contains nearly-identical text. It provides: "This insurance does not apply to . . . '[b]odily injury' . . . to any person while . . . practicing for or participating in any contest or exhibition of an athletic or sports nature . . . ." The analysis for this Endorsement is the same as the analyses for the other sports-participants exclusions.

[2] Underwriters and FFIC direct their argument to Travelers's Athletic Participants Exclusion, but the argument also applies to CIC's Sports Participants Exclusion.

No. 16-5143, *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*

The two cases that plaintiffs cite do not support their reliance on the exclusion's purpose. The Oregon court in *Leach*, applying a provision that excluded coverage over injuries suffered while "practicing for . . . any sports or athletic contest," relied on the purpose of the *practice*, but not on the purpose of the *exclusion*. *Leach v. Scottsdale Indem. Co.*, 323 P.3d 337, 340–45 (Or. Ct. App. 2014). Similarly, the Montana court in *Mountain States*, which involved a jockey who was injured when stray dogs attacked while he was exercising a horse, interpreted the exclusion's text, "practicing for . . . any contest or exhibition," to convey a narrow meaning of "practice," and only incidentally suggested that the "purpose" of the sports-participants exclusion in that case was to exclude risks that are "normally encountered" in horseracing. *Mountain States Mutual Cas. Co. v. Ne. N.M. Fair Ass'n*, 508 P.2d 588, 589, 592 (N.M. 1973). That text—"practicing for" a contest or exhibition—is not in Travelers's Athletic Participants Exclusion; the two cases simply do not apply to Travelers's policy. CIC's Sports Participants Exclusion does include that text, "practicing for or participating in any contest or exhibition of an athletic or sports nature," but in any event, Passfield was undeniably "practicing" when he collapsed and died. Passfield attended the lacrosse practice as a member of Bellarmine's lacrosse team; Bellarmine's lacrosse coach convened the team to practice for its future games; and Passfield was running timed quarter-miles to condition for lacrosse games.

Plaintiffs rely primarily on the fact that Travelers's insurance policy—although not CIC's insurance policy—includes the XTEND Endorsement, which "broadens coverage" to certain medical-malpractice injuries. But Travelers's Athletic Participants Exclusion trumps its XTEND Endorsement. The XTEND Endorsement broadens the policy's definition of "bodily injury" to include "Incidental Medical Malpractice Injury," which comprises injuries "arising out of the rendering of, or [the] failure to render," four enumerated medical services. The Athletic

-4-

No. 16-5143, *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*

Participants Exclusion applies more broadly: "*This insurance* does not apply to 'bodily injury' to any person engaged in athletic, exercise, or sports activities . . . ." While the Endorsement broadens the policy's definition of "bodily injury," the Exclusion applies to the amended insurance policy as a whole.

This conclusion makes it unnecessary for us to address limiting language within the XTEND Endorsement, upon which the district court relied. *Underwriters Safety & Claims, Inc. v. Travelers Prop. Cas. Co.*, 152 F. Supp. 3d 933, 936–37 (W.D. Ky. Jan. 22, 2016). We may of course affirm on grounds not relied upon by the district court. *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

The judgment of the district court is affirmed.